Gburek v Cobler (2021 NY Slip Op 06253)





Gburek v Cobler


2021 NY Slip Op 06253


Decided on November 12, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., NEMOYER, TROUTMAN, AND WINSLOW, JJ.


831 CA 20-00748

[*1]JODI GBUREK, INDIVIDUALLY, AND AS ADMINISTRATRIX OF THE ESTATE OF CHRISTOPHER GBUREK, DECEASED, PLAINTIFF-APPELLANT,
v
JOANNE COBLER, M.D., BUFFALO CARDIOLOGY & PULMONARY ASSOCIATES, DEFENDANTS-RESPONDENTS, ET AL., DEFENDANTS. 






HOGANWILLIG PLLC, AMHERST (RYAN C. JOHNSEN OF COUNSEL), FOR PLAINTIFF-APPELLANT.
CONNORS LLP, BUFFALO (SETH A. HISER OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered May 11, 2020. The order granted the motion of defendants Joanne Cobler, M.D. and Buffalo Cardiology & Pulmonary Associates for, inter alia, summary judgment dismissing the complaint against them. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, and the complaint against defendants-respondents is reinstated.
Memorandum: In this medical malpractice action, plaintiff appeals from an order that granted the motion of defendants-respondents for, inter alia, summary judgment dismissing the complaint against them. As plaintiff correctly contends, Supreme Court erred in granting the motion because "the competing expert affidavits submitted by the parties create[d] triable issues of fact" (Pick v Midrox Ins. Co., 186 AD3d 1079, 1079 [4th Dept 2020]; see Thompson v Hall, 191 AD3d 1265, 1267-1268 [4th Dept 2021]). We reiterate that "the conflicting opinions of . . . experts with respect to [a doctor's] alleged deviations from the accepted standard of medical care and proximate causation . . . cannot be resolved on a motion for summary judgment" (Thompson, 191 AD3d at 1267 [internal quotation marks omitted]).
Entered: November 12, 2021
Ann Dillon Flynn
Clerk of the Court